TONY PETRULLO v. MECHANICS INSURANCE COMPANY
OF PHILADELPHIA.

Argued January term, 1926—Decided June 23, 1926.

Insurance—Theft—Automobile—Notice of Loss Promptly Made
—Delay in Adjustment—Final Refusal to Pay on Ground
That Covenants of Contract Had Been Breached—Action
Brought More Than One Year After Loss Against Express
Provisions of Policy Requiring Suit Within One Year—
Judgment for Plaintiff Reversed.

Before Justices PARKER, MINTURN and BLACK.

For the appellants, Lum, Tamblyn & Colyer.

For the appellee, Feder & Rinzler.

PER CURIAM.

The action was tried in the Bergen County District Court
without a jury, and judgment went for the plaintiff for $450.
The action was brought upon an insurance policy to re-
cover damages for the theft of the plaintiff's automobile.
The auto was stolen on December 15th, 1923, which was a
Saturday night. The police department received immediate
notice of the loss. The defendant's agent received timely
oral notice, and in turn sent written notice to his company.
When notified of the loss, the agent advised plaintiff "he
would take care of everything." The last interview the
plaintiff had with the agent in relation to the loss was a
month after the theft. The plaintiff testified that he had
two interviews with defendant's adjuster, the last being
about two and a half months after the theft. The plain-
tiff received a letter from adjuster dated February 11th,
1924, in which the adjuster stated that he would not recom-
mend any payment, because plaintiff breached certain war-
ranties.

The defendant contends that there was error in the refusal of the trial court to direct a verdict in its favor, because the action was not brought within twelve months after the loss, as provided in the policy, as follows:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements, nor unless commenced within twelve months next after the happening of the loss."

The theft occurred on December 15th, 1923. The summons was tested April 22d, 1925, a period of more than sixteen months after the loss. Without discussing the other objections urged against the judgment, we think that as there was no proof of waiver of this requirement upon the part of the defendant, or its agents, that this objection is fatal to a recovery. *Ignazio* v. *Fire Asso. of Philadelphia*, 98 *N. J. L.* 602.

For this reason the judgment must be reversed.